IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSALIND PRESSLEY | CIVIL NO.: 2016 cv 02718 (GAG) |
| Plaintiff | |
| V. | |
| POSADAS OF PUERTO RICO ASOC., ET. AL. | RE:  PERSONAL INJURY |
| Defendants | |

**MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

COMES Posadas de Puerto Rico Associates L.L.C. (and hereinafter referred to as "Condado Plaza"), through the undersigned attorney and hereby move for summary judgment for the reasons set forth more fully below. In compliance with Local Rule 56(b), a separate Supporting Statement of Material Facts is submitted in support of this motion.

**I.     INTRODUCTION**

This is a torts action filed by plaintiff Rosalind Pressley claiming she suffered physical and emotional damages as result from a slip and fall accident in which she allegedly was involved while in her room at the Condado Plaza Hotel (from now on "the Condado Plaza"). According to the Complaint, plaintiff slipped and fell due to accumulated water on the floor that came from the refrigerator. The complaint alleges causes of action for negligence based upon improper maintenance of the refrigerator, failing to inform its guests of the risks of the defective or deficiently maintained refrigerator, and failing to warn or instruct its guests about the problems of the poorly maintained refrigerator in order to avoid the exposure to the risk of a fall.   To the extent the complaint alleges a

claim in products liability, Condado Plaza moves for summary judgment on said claim because as a hotel it is an end-user of the refrigerator and cannot be liable under Puerto Rico law on a theory of products liability. It also moves for summary judgment on the remaining claims as there is no evidence Condado Plaza caused the refrigerator to malfunction or otherwise new or had reason to know it would malfunction.

## II.    PLAINTIFF' ALLEGATIONS AGAINST CONDADO PLAZA

In the instant case plaintiff seeks compensation for her physical and emotional damages claiming that Condado Plaza is liable for the for damages she claims to have suffered as a result of the accident.

The specific allegations constituting such alleged negligence are as follows:

a.    "[the] accumulated water coming from the room's refrigerator … constituted a dangerous and hazardous condition and lacked any warning sign or other indication of its existence." See docket 1, Complaint, ¶ 6.

b.    "The area where plaintiff Rosalind Pressley suffered her fall was wet and slippery because water accumulated on it due to a malfunctioning refrigerator, and/or due to one or more other causes that were not known to her." See docket 1, Complaint, ¶ 7.

c.    "The existence of the dangerous and hazardous condition of the area where the plaintiff Rosalind Pressley suffered her fall was known or should have been known by the defendants, who failed to take the necessary measures to remedy the situation or to properly warn their guests and negligently failed to do so." See docket 1, Complaint, ¶ 8.

d.  "The above described incident was the result of the fault and/or negligence of the codefendants who possessed ownership, administrative or other rights over The Condado Plaza Hilton Hotel for failing to provide proper maintenance and/or care to the refrigerator; failing to inform the hotel guests of the risks of the defective or deficiently maintained refrigerator; failing to warn or instruct its guests about the problems of the poorly maintained refrigerator to avoid the exposure to the risks such as those experienced by plaintiff."  See docket 1, Complaint, ¶ 12.

e.  "Defendants incurred in fault and/or negligence in that they breached their duty to maintain their equipment in a reasonably safe and secure condition and, therefore, are liable for the damages suffered by Plaintiffs." See docket 1, Complaint, ¶ 14.

f.  "Defendants incurred in fault and/or negligence in failing to correct or warn of the dangerous and hazardous condition that caused plaintiff Rosalind Pressley to suffer her fall, even though they knew or should have known of its existence." See docket 1, Complaint, ¶ 15.

As Condado Plaza reads the complaint, it does not adequately plead a products liability claim against Condado Plaza. Nonetheless, in an overabundance of caution Condado Plaza moves for summary judgment on any claim for products liability because as a hotel it is an end-user of the refrigerator and cannot be liable under Puerto Rico law on a theory of products liability. It also moves for the summary judgment on the claims as there of negligence as there is no evidence Condado Plaza caused the refrigerator to malfunction or otherwise new or had reason to know it would malfunction.

3

### III.    STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

The standard for summary judgment is straightforward and well-established. A district court should grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Lipsett v. Univ. of P.R., 864 F.2d 881, 894 (1st Cir. 1988). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law," and "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The burden of establishing the nonexistence of a genuine issue as to a material fact is on the moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986) (Brennan, J., dissenting). This burden has two components: (1) an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and (2) an ultimate burden of persuasion, which always remains on the moving party.  See id.  In other words, "[t]he party moving for summary judgment...bears the initial burden of demonstrating that there are no genuine issues of material fact for trial." Hinchey v. NYNEX Corp., 144 F.3d 134, 140 (1st Cir. 1998). This burden "may be discharged by showing...that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. After such a showing, the "burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor." DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997) (citing Celotex, 477 U.S. at 322-35).

Although the ultimate burden of persuasion remains on the moving party and the court should draw all reasonable inferences in favor of the nonmoving party, the nonmoving party will not defeat a properly supported motion for summary judgment by merely underscoring the "existence of some alleged factual dispute between the parties;" the requirement is that there be a genuine issue of material fact. Anderson, 477 U.S. at 247-48; Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993). In addition, "[f]actual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248.

Summary judgment exists to "pierce the boilerplate of the pleadings," Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992) and to "determine whether a trial actually is necessary." Vega-Rodríguez v. P.R. Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997). Under Rule 56 (e) of the Federal Rules of Civil Procedure, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56 (e); see also Anderson, 477 U.S. at 256.

## IV.   APPLICABLE LAW

Because this Court sits in diversity, state substantive law controls. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), Borges, ex rel. S.M.B.W. v. Serrano Isern, 605 F.3d 1, 2 (1st Cir. 2010).  The substantive law of Puerto Rico governs the liability question in this diversity action. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); Daigle v. Maine Med. Ctr., Inc.,14 F.3d 684, 689 (1st Cir.1994). The plaintiff makes a claim for damages under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. Sec. 5141, under that law.

**A.     Summary Judgment on Any Products Liability Claim is Proper.**

**1.     Puerto Rico Law on Products Liability**

The Puerto Rico courts generally embrace the principles of strict products liability prescribed in the Restatement (Second) of Torts § 402A (1965). See Malave–Felix v. Volvo Car Corp., 946 F.2d 967, 971 (1st Cir.1991) (citing Mendoza v. Cerveceria Corona, Inc., 97 P.R.R. 487, 495–96 (1969)); Perez–Trujillo v. Volvo Car Corp., 137 F.3d 50, 52 (1st Cir.1998). Section 402A applies strict liability, or liability without regard to negligence, to manufacturers and sellers of products that are in a "defective condition unreasonably dangerous to the user or consumer...." Section 402A applies, however, only if "the seller is engaged in the business of selling such a product." Restatement (Second) Torts § 402A (emphasis supplied). See also W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 100 at 705 (5th ed. 1984) ("Only a seller who can be regarded as a merchant or one engaged in the business of supplying goods of the kind involved in the case is subject to strict liability, either on warranty or in tort."). This limitation serves various public policies, among them placing the burden of accidental injuries caused by products upon those who market them "as a cost of production against which liability insurance can be obtained." § 402A, comment c.

In Acosta-Mestre v. Hilton, 156 F.3d 49 (1st Cir. 1998), concluded that "the Supreme Court of Puerto Rico, which has embraced generally the principles set forth in § 402A, would limit the application of strict products liability, whether for alleged design defects or breach of implied warranty, to those "in the business of" manufacturing or selling the product at issue." Citing Benitez–Allende v. Alcan Aluminio do Brasil, 857 F.2d 26, 34 (1st Cir.1988) (predicting Puerto Rico law in light of fact that "Puerto Rico ... has

chosen to adopt the principles of strict liability laid out in [§ 402A]"). In Acosta-Mestre, the court concluded that since Hilton was not in the business of manufacturing or selling chaise lounges, Acosta had no viable strict products liability claims against Hilton.

The Supreme Court of Puerto Rico has consistently relied upon California Supreme Court precedent when considering issues raised by the doctrine of strict product liability. Collazo–Santiago v. Toyota Motor Corp., 149 F.3d 23, 25 (1st Cir.1998). In Peterson v. Superior Court, 10 Cal.4th 1185, 43 Cal.Rptr.2d 836, 899 P.2d 905 (1995) (in bank), a hotel guest injured when she fell in a bathtub in her room sued, among others, the hotel owner alleging claims of negligence and breach of warranty. The Supreme Court of California held that the proprietor of a hotel cannot be held strictly liable on the basis of products liability for injuries to its guests caused by alleged defects on the premises. Id., 899 P.2d at 907. The court, reversing its earlier decision in Becker v. IRM Corp., 38 Cal.3d 454, 213 Cal.Rptr. 213, 698 P.2d 116 (1985), held that "[t]he mere circumstance that it was contemplated customers ... would use the products in question or be benefitted by them does not transform the owners of the businesses into the equivalent of retailers of the products." Id., 899 P.2d at 913. Because hotel owners are not part of the chain of distribution for most products on their premises, the court held that public policy considerations supporting strict liability for sellers and manufacturers of products (including the spread of loss, the availability of expertise and resources to correct product defects, and the incentive to manufacture safer products) do not apply in the case of hotel owners. Id., at 918–20. The court noted that guests still may sue hotel owners for alleged breaches of the applicable standard of care and, of course, may sue those in the business of manufacturing and selling products for strict products liability. Id. at 920–21.

7

**2.    Any claim in products liability against Condado Plaza must be dismissed.**

Per the complaint, defendant owns, manages, operates and/or does business as The Condado Plaza Hotel. See docket 1, ¶ 5. The complaint also alleges, among other things, that on the day of the incident, Ms. Pressley was a registered guest at the Condado Plaza. See docket 1, ¶ 6. Plaintiff describes the incident as a slip and fall, caused by water that had accumulated on the floor due to a malfunctioning refrigerator. **SSMF, ¶** 1-4.

The complaint makes no allegation that Condado Plaza is in the business of manufacturing, distributing or selling refrigerators. In the absence of any such allegation plaintiff has no viable strict products liability claim against Condado Plaza. Based upon the principles of § 402A and the well-reasoned Peterson decision, "it would be improper to impose strict liability under product liability principles, whether for alleged design defects or breach of implied warranty, upon a hotel proprietor for injuries caused by an alleged defect in the hotel premises that the hotel proprietor did not manufacture or market." Acosta-Mestre, supra.

In Peterson v. Superior Court, 10 Cal.4th 1185, 43 Cal.Rptr.2d 836, 899 P.2d 905 (1995), a hotel guest injured when she fell in a bathtub in her room sued, among others, the hotel owner alleging claims of negligence and breach of warranty. The Supreme Court of California held that the proprietor of a hotel cannot be held strictly liable on the basis of products liability for injuries to its guests caused by alleged defects on the premises. Id., 899 P.2d at 907. The court, reversing its earlier decision in Becker v. IRM Corp., 38 Cal.3d 454, 213 Cal.Rptr. 213, 698 P.2d 116 (1985), held that "[t]he mere circumstance that it was contemplated customers ... would use the products in question or be benefitted by them does not transform the owners of the businesses into the equivalent of retailers

8

of the products." Id., 988 P.2d at 913. Because hotel owners are not part of the chain of distribution for most products on their premises, the court held that public policy considerations supporting strict liability for sellers and manufacturers of products (including the spread of loss, the availability of expertise and resources to correct product defects, and the incentive to manufacture safer products) do not apply in the case of hotel owners. Id., at 918-20.

It would be improper to impose strict liability under product liability principles, whether for alleged design defects or breach of implied warranty, upon a hotel proprietor for injuries caused by an alleged defect in the hotel premises that the hotel proprietor did not manufacture or market. Just as the hotel in Acosta Mestre, supra, the Hilton hotel could not be held liable under a products liability theory for a supposedly defective chaise lounge chair that injured the plaintiff, the Condado Plaza in this case cannot be held liable under a products liability theory for a defective refrigerator that injured the plaintiff.

**B.    Summary Judgment on Plaintiff's Negligence Claims is Proper.**

**1.    Puerto Rico Tort Law**

"Under Puerto Rico law, negligence actions generally hark back to article 1802 of the Civil Code, which imposes liability upon a person who causes damage to another party through fault or negligence." P.R. Laws Ann., Tit. 31, § 5141. Coyne v. Taber Partners I, 53 F.3d 454, 457-458. The instant case is not the exception, as plaintiffs' claim is predicated on article 1802 of the Civil Code of Puerto Rico.

Article 1802 of the Civil Code of Puerto Rico provides in its pertinent part, that " A person who by act or omission causes damages to another, through fault or negligence shall be obliged to repair the damage so done." See P.R. Laws ann., tit. 31, § 5141. Article

9

1802 thus imposes liability on any person or entity which, by his, her, or its negligent acts or omissions, causes harm or damage. In broad perspective, Puerto Rico law defines negligence as the failure to exercise due diligence to avoid foreseeable risks. See Coyne v. Taber Partners I, 53 F.3d 454, 457 (1st Cir. 1995); Malave-Felix v. Volvo Car Corp., 946 F.2d 967, 971-72 (1st Cir.1991).

To recover on a negligence theory, a plaintiff suing for personal injuries under Article 1802 must establish (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortious conduct. See Sociedad de Gananciales v. Gonzalez Padin, 17 P.R. Offic. Trans. 111, 125 (1986). These requirements cannot be satisfied unless the plaintiff proves, inter alia, that the injury was reasonably foreseeable (and, thus, could have been avoided had the defendant acted with due care). See Coyne, 53 F.3d at 459-60.

Consequent to this standard, an act or omission constitutes fault or negligence where the defendants had a duty of care to act and failed to respond as reasonable and prudent men would have in similar circumstances. Jimenez v. Pelegrina Espinet, 112 D.P.R. 700, 704 (1982). A defendant is not liable unless the plaintiff proves that if they had acted as reasonable and prudent men, the damages incurred would have been avoided. Id. This element of causation precludes the imposition of absolute or objective responsibility, the premise being that a negligent tortfeasor is not an insurer. Estremera v. Inmobiliaria, 109 D.P.R. 852, 856 (1980).  While commercial establishments have a duty to take the necessary precautions or to adopt the necessary security measures to preserve the safety of their customers, they are not liable for unforeseen events. Bou

Maldonado v. K-Mart Corp., No. 97-1268 JAG, 2001 WL 1636768, at *3 (D.P.R. Oct. 18, 2001).

The First Circuit held that article 1802 "requires, as an element, an affirmative showing by a plaintiff that the defendant was negligent." Mas v. United States, 984 F.2d 527, 530 (1st Cir.1993), citing Cotto v. Consolidated Mutual Insurance Co., 116 D.P.R. 644, 650 (1985) (holding that a plaintiff's bare assertion that a floor was slippery was insufficient to impose liability on the commercial establishment). In turn, this showing "requires a demonstration that the defendant has either actual or constructive knowledge of a dangerous condition." Mas, 984 F.2d at 530.

The majority of decisions issued by the Puerto Rico Supreme Court that deal with the issue of personal injuries caused by alleged negligent facility maintenance pertain to indoor hazards. See, e.g., Gutiérrez v. Bahr, 78 D.P.R. 473 (1955) (finding a store owner liable for injuries caused to a shopper by a negligently maintained electric fan); Goose v. Hilton Hotels, 79 D.P.R. 523 (1956) (imposing liability on a hotel for failing to put a second railing in a slippery stairway near the swimming pool area). In this line of case-law, the Puerto Rico Supreme Court concluded that the owner or operator of a commercial establishment has a duty to exercise reasonable care to maintain those areas that are accessible to the public, so as to avoid injury to its patrons. Sociedad de Gananciales v. González Padín Co., 117 D.P.R. 94, 104 (1986). Further, the Puerto Rico Supreme Court held that the plaintiff bears the burden of proof to establish that the commercial establishment did not exercise due care to assure the safety of the premises. Id.

In particular, for claims based on allegedly dangerous conditions on commercial property ("premises liability claims"), a plaintiff must show not only that a dangerous condition

11

existed which caused her injury, but also that defendant had either actual or constructive knowledge of the dangerous condition. Vazquez-Filippetti v. Banco Popular, 504 F.3d 43, 50 (1st Cir. 2007); Mas v. United States, 984 F.2d 527, 530 (1st Cir. 1993); Torres, 233 F.Supp.2d at 278. In this context, the applicable duty or standard of care has been articulated as follows:

> Under Puerto Rico law, a landlord is not an insurer of the safety of business visitors, and his duty extends only to the exercise of reasonable care for their protection. There is no liability for harm resulting from dangerous conditions of which he does not know, and which a reasonable inspection would not have discovered, or from conditions from which no unreasonable risk was to be anticipated. Likewise, in the usual case, there is no obligation to protect the visitor against dangers which are known to him, or which are so apparent that he may reasonably be expected to discover them and be able to protect himself. The visitor is entitled, however, to assume that proper care has been exercised to make the premises safe for him, and he is not required, as in the case of a licensee, to be on the alert for possible defects.
>
> Figueroa-Garcia, 364 F.Supp.2d 140, 143 (D.P.R. 2005); see also Cotto v. C.M. Ins. Co., 16 P.R. Offic. Trans. 786, 116 P.R. Dec. 644 (1985) ("Undoubtedly a person or company that runs a business for profit, which in its commercial transactions deals directly with the public, must take all possible safety measures to ensure that its clients will suffer no harm.").

Under Puerto Rico law, a hotel-keeper owes its guests a heightened duty of care and protection. The law so provides. See, e.g., Mejias-Quiros v. Maxxam Property Corp., 108 F.3d 425, 427 (1st Cir.1997); Coyne, 53 F.3d at 458; Pabon-Escabi v. Axtmayer, 90 P.R.R. 20, 29 (1964). Nevertheless, a hotel-keeper is not an insurer of its guests' well-being. See, e.g., Goose v. Hilton Hotels, 79 P.R.R. 494, 499 (1956) (holding that a hotelier is liable for a guest's fall on hotel premises only if the hotelier knew or should have known of a preexisting dangerous condition). Consequently, an innkeeper is not liable for harm unless the harm is reasonably foreseeable. See Coyne, 53 F.3d at 460-61.

A plaintiff may not rest on the mere happenstance of an accident to support a finding of liability, as the res ipsa loquitur doctrine has been abolished in Puerto Rico.

12

Bacó v. Almacén Ramón Rosa Delgado, 151 D.P.R. 711 (2000). Moreover, the existence of a dangerous condition alone is not sufficient to impose liability. Even if plaintiff can establish negligence, the plaintiff must also prove that the negligent act of the defendant caused his damages. See Jiménez v. Pelegrina, 112 D.P.R. 700 (1982). Liability will attach only when the defendant's negligence is the proximate cause of the damages. Widow of Delgado v. Boston Insurance Co., 99 D.P.R. 714 (1971).

**2.  Plaintiff lacks evidence to support a claim for negligence against Condado Plaza. Rather, the evidence shows that Condado Plaza did not know, and could not have known, about the refrigerator malfunction.**

In this case, plaintiff claims the area where she fell was wet and slippery because water accumulated on the floor due to a malfunctioning refrigerator. **SUMF**, ¶ 4. Plaintiff alleges that the fall and injuries resulting therefrom were the result of the Hotel's fault and/or negligence for failing to provide proper maintenance and/or care to the refrigerator; failing to inform its guests of the risks of the defective or deficiently maintained refrigerator; and failing to warn or instruct its guests about the problems of the poorly maintained refrigerator. See docket 1, complaint, ¶¶ 6-7. Plaintiff further claims that Condado Plaza knew or should have known of the water coming from the refrigerator, who failed to correct the condition or warn its guests about the condition. Id., ¶ 8.

Plaintiff has no evidence to show Condado Plaza knew about the water coming from the refrigerator. Plaintiff further has no evidence to support a claim that the Condado Plaza should have known about the leaking refrigerator. To the contrary, the evidence shows Condado Plaza routinely verified the room refrigerators to ensure they were operational and had their doors closed, and would clean them as necessary. Furthermore, by plaintiff's own account the refrigerator malfunctioned after she checked in, and

moreover, malfunctioned at some point overnight while she was asleep. Under these circumstances, no liability can attach to Condado Plaza for any refrigerator malfunction.

Plaintiff Rosalind Pressley checked into the Condado Plaza on October 2, 2015 at 4:51 p.m. See **SSMF** ¶ 3.  Ms. Pressley was staying in room 828 with her friend Olivia Buckmon. See **SSMF** ¶ 4. According to plaintiff, on October 4, 2015, she woke up first and went to get the iron from the room's closet. See **SSMF** ¶ 6. Plaintiff walked from her bed, which was the one farthest from the closet, passed her friend's bed, turned toward the closet, and after walking by the refrigerator she slipped and fell to the floor. See **SSMF** ¶ 7.

Plaintiff does not recall seeing a puddle of water after she fell, nor does she remember feeling water on her feet when she fell. See **SSMF** ¶¶ 8, 9.  Plaintiff only states she fell because of water because after the fall she noticed water near the refrigerator and noticed that the pant knees of the person who went to verify the refrigerator after the accident was reported were wet. See **SSMF** ¶ 11, 12.

Evidently the refrigerator malfunctioned while plaintiff was asleep, as she encountered the condition the morning of October 4. There is evidence the refrigerator leaked before this time. Thus, summary judgment for Condado Plaza is proper dismissing plaintiff's claim on the allegation Condado Plaza knew about the leaky refrigerator, and that knowing about the leaky refrigerator it failed to remedy the situation or warn guests about it.

The only remaining question is whether Condado Plaza somehow should have known that the refrigerator was leaking or was about to leak. However, sworn testimony shows that every time Condado Plaza personnel entered the room, they would verify that

14

the door to the refrigerator was closed, and that the refrigerator was operational. See SSMF ¶15. The same testimony also shows that when the refrigerator was thus examined, it would then be cleaned as necessary. Id. In the absence of any other evidence, the evidence permits only one conclusion: that Condado Plaza had no way of knowing that the refrigerator to plaintiff's room would fail.

To establish her premises liability claim based on an improperly working refrigerator, plaintiff must present evidence to show that it was an unreasonably dangerous condition and that the hotel either knew or should have foreseen the risks created by the condition. Vazquez-Filippetti, 504 F.3d at 50. In this case, plaintiff cannot carry her burden. By all accounts the refrigerator malfunctioned overnight during her stay. There is no evidence to show the refrigerator malfunctioned prior to the fall. For this reason, summary judgment is warranted dismissing plaintiff's fault/negligence claims against Condado Plaza.

WHEREFORE, it is respectfully requested that for the reasons stated above, this Honorable Court enter Summary Judgment for Posadas de Puerto Rico Associates L.L.C. dismissing the complaint with prejudice.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record, through their attorneys of record.

In San Juan, Puerto Rico, this 15th day of August 2018.

Respectfully submitted,

**S/FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ
BAR NO.: 210510
E-mail:  fecolon@colonramirez.com

**S/HÉCTOR MÁRMOL LANTIGUA**
**HÉCTOR MÁRMOL LANTIGUA**
Bar No.: 225404
Email: hmarmol@colonramirez.com

**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (888) 760-1077
Fax: (305) 507-1920

16