IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSALIND PRESSLEY<br><br>Plaintiff<br><br>v.<br><br>POSADAS DE PUERTO RICO ASSOCIATES, L.L.C. D/B/A THE CONDADO PLAZA HILTON HOTEL; JOHN DOE, RICHARD ROE<br><br>Defendants | CIVIL NO.: 16-2718 (GAG)<br><br><br><br>RE:   PERSONAL INJURY<br><br>PLAINTIFF DEMAND TRIAL BY JURY |

## PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Rosalind Pressley, through the undersigned attorneys, and respectfully sets forth and prays:

On August 15, 2018, Defendant Puerto Rico Associates L.L.C. (hereinafter referred to as the "Defendant") filed a Motion for Summary Judgment (Docket 33) and a Supporting Statement of Material Facts (Docket 33-2) arguing that summary judgment in this case is appropriate because Plaintiff Rosalind Pressley's (hereinafter referred to as the "Plaintiff") complaint alleges a claim in products liability and the Defendant is an end-user of the refrigerator and cannot be liable under Puerto Rico law on a theory of products liability.   Defendant also moved for summary judgment on the remaining claims alleging that there is no evidence that Defendant caused the refrigerator to malfunction or otherwise knew or had reason to know it would malfunction.

1

Plaintiff respectfully moves this Honorable Court to deny the Defendant's Motion for Summary Judgment and Supporting Statement of Material Facts because there are genuine issues of material facts in controversy, which make the granting of summary judgment in this case inappropriate.

## FACTUAL BACKGROUND

Under the facts in controversy, as described below, summary judgment is not appropriate. The jury should be permitted, as is Plaintiff's right, to resolve those facts in controversy.   For its factual statement, Plaintiff incorporates by reference its Opposing Statement of Material Facts and Statement of Facts, which is filed with this Motion and Memorandum.   The Plaintiff submits the following are material facts, which place the existence of the facts relied upon by the Defendant in controversy:

1.      The Complaint clearly alleges in paragraph number 6 that: On October 4, 2015, at or about 10:30 in the morning, Plaintiff Rosalind Pressley was a registered guest at The Condado Plaza Hilton Hotel in Condado, Puerto Rico, where she was vacationing, when she slipped and fell in her room due to accumulated water coming from the room's refrigerator, which constituted a dangerous and hazardous condition and lacked any warning sign or other indication of its existence.

2.      Plaintiff was asked "what caused you to fall down?" and she testified that "Water was on the floor", and that the origin of the that water was "right at the refrigerator." Moreover, that immediately after the incident she did not notice the puddle because the floor was white, and she was kind of shocked.   However, she saw the water after the fact and the floor was wet.   Also, when the repair person came to examine one could see the

2

water on their pants. See Exhibit D of Defendant's Motion for Summary Judgment (Docket 33), Pressley Deposition Transcript, p. 18, lines 2-25 and p. 19, lines 1-10.

3.      Plaintiff was asked: "When you fell down, what happened next?" and her answer was: "I was calling - - my roommate was on the bed and she came and was trying to help me up and she almost slipped.   And then she helped me up and I just got back into my bed on the other side and then we called security." Exhibit D of Defendant's Motion for Summary Judgment (Docket 33), Pressley deposition transcript, p. 18:3-7.

4.      When plaintiff reported the incident, a Security Officer and a Maintenance Officer from the Hotel went to her room and found that the area in front of the refrigerator was wet due to a malfunctioning refrigerator that was not working properly.   See Docket 33-6 of Defendant's Motion for Summary Judgment, Defendant's Answer to Interrogatory, ¶17.

5.      Defendant did not keep track of when and who placed the refrigerator for the first time in room 858, or in any room for that matter.   In addition, on the day of the incident Defendant did not keep any logbook and it did not have any protocols or guidelines for the refrigerators placed in the guest rooms. Specifically, Defendant did not have a maintenance protocol of the refrigerator referred to in the Complaint.   Therefore, no maintenance was provided by Defendant to the refrigerator found in room 858 of Defendant's hotel.   See Exhibit E of Defendant's Motion for Summary Judgment, Defendant's Answer to Plaintiff's Interrogatories, pp. 1-2 (¶ 4, i.e., answer to interrogatory 4) and Docket 33-2, ¶ 20 and Docket 33-3, ¶ 20.

6.      On October 4, 2015, Defendant's hotel did not place a mat, rug or any type of carpeting in front of the refrigerator in Plaintiff's room. Docket 33-2, ¶ 16 and Docket 33-3 ¶ 16.

7.      After removal from the room and inspection of the refrigerator by Defendant hotel's agent, it was concluded by the hotel that the refrigerator was leaking water. Docket 33-2, ¶ 10 and Docket 33-3 ¶ 10.

8.      After removal from the room and inspection of the refrigerator by Defendant's agent, the Defendant's hotel disposed of the refrigerator. Docket 33-2, ¶ 11 and Docket 33-3 ¶ 11.

9.      On October 5, 2015, Defendant did not have a refrigerator's maintenance logbook of the refrigerator referred to in the Complaint. Docket 33-2, ¶ 19 and Docket 33-3 ¶ 19.

10.      On October 5, 2015, Defendant did not have a maintenance protocol of the refrigerator referred to in the Complaint. Docket 33-2, ¶ 20 and Docket 33-3 ¶ 21.

11.      Defendant did not keep track of the specific brand, model or year of the refrigerator placed in any room, including 858, at the time when Rosalind Presley reported her accident.   Docket 33-6, ¶ 2.

12.      Defendant employee Marcos Rivera from Defendant's engineering department inspected the subject refrigerator after the accident was reported.   Docket 33-6, ¶ 3.

13.      Defendant hotel did not keep track of the when and who placed the refrigerator for the first time in room 858.   Docket 33-6, ¶ 4.

14.    Defendant had no logbook or protocol or guidelines specific to the refrigerators placed in the guest rooms. Docket 33-6, ¶ 4.

15.    Defendant cannot identify the purchase date of the refrigerator located in room 858 when Rosalind Presley reported her incident.    Docket 33-6, ¶ 12.

16.    Defendant's refrigerator in room 858 was examined and found to be not operating properly.    Docket 33-6, ¶ 13 and 17.

17.    Defendant disposed of the refrigerator after the incident and does not know where it is presently located.    Therefore, Defendant has incurred in spoliation of evidence.    Docket 33-6, ¶ 21.

18.    Defendant does not know who, if anyone, presently has custody of the refrigerator.    Therefore, Defendant has incurred in spoliation of evidence.    Docket 33-6, ¶ 22.

19.    All incidents reports of the Defendant are done in anticipation of litigation. See Docket 33-6, ¶ 9 and page 5 of Incident Report, email message from Defendant's corporate counsel, Jayne Berger, to Defendant's Security Director, Otilio Ramos, dated November 2, 2015.   (See Docket 34-2).

20.    Defendant knew of Plaintiff's intention to file suit for this incident since November 2, 2015. See page 5 of Incident Report, email message from Defendant's Security Director, Otilio Ramos, to Defendant's corporate counsel, Jayne Berger, dated November 2, 2015.   (See Docket 34-2).

## STANDARD OF REVIEW FOR SUMMARY JUDGMENT

The role of summary judgment is to pierce the boilerplate of the pleadings and carefully review the parties' submissions to ascertain if they reveal whether a trial is actually required. *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314 (1st Cir. 1995).

Summary judgment should only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).

An issue concerning a fact is "genuine" if there is sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the nonmoving party. *McCarthy*, 56 F.3d at 315. A fact is "material" if the contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the movant. *Id*.

A summary judgment motion will be defeated if a trial worthy issue looms as to a fact which could potentially affect the outcome of the suit. *Serapion v. Martinez*, 119 F.3d 982, 987 (1st Cir. 1997). The party opposing summary judgment must present definite competent evidence to rebut the motion. *Maldonado Denis v. Castillo Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994). In a motion for summary judgment the burden is first on the movant, to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Thereafter, the burden shifts to the nonmoving party to establish the existence of a material issue of fact. *FDIC v. Municipality of Ponce*, 904 F.2d 740, 742 (1st Cir. 1990).

6

Affidavits containing mere conclusory allegations have no probative value and thus will not shift the burden to the nonmoving party. *Benton Volvo Metairie, Inc. v. Volvo Southwest, Inc.*, 479 F.2d 135, 139 (5th Cir. 1973); *Possner v. Essex Insurance Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999).   In deciding a motion for summary judgment, the court must view the entire record in the light most favorable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor. *McCarthy*, 56 F.3d at 315.   The Court must ignore conclusory allegations, improbable inferences and unsupported speculation. *Id.*

Additionally, summary judgment "admits no room for credibility determinations, no room for the measured weighting of conflicting evidence such as the trial process entails." *Casa Office Machines, Inc. v. Mita Copystar, Inc.*, 42 F.3d 668, 684 (1st Cir. 1994). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the nonmoving party. *Id.*

Summary judgment in this case is not appropriate because the facts as alleged by Defendant are in controversy and thus do not rise to the level of creating or supporting an issue, determinable as a matter of law, against Plaintiff.   In addition, Defendant has incurred in spoliation of evidence and, therefore, this Court can infer that Defendant, who failed to preserve the malfunctioning refrigerator, did so because of its unfavorable evidentiary nature.   Thus, when the time comes, this Court should provide the jury an instruction as to the negative inference that they can draw from Defendant's failure to preserve the malfunctioning refrigerator and disposed of this evidence.

**DISCUSSION**

Pursuant to the provisions of article 1802 of the Puerto Rico Civil Code, which is codified in 31 P.R. Laws Ann. § 5141 and provides the general rule for liability claims, "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done."   Although section 5141 does not define fault or negligence, the Puerto Rico Supreme Court has developed limits of liability under article 1802 through its case law.   See *Mas v. United States*, 984 F.2d 527, 528 (1st Cir.1993).   It has been held that a person is liable under article 1802 if three basic elements concur: (1) the presence of a physical or emotional damage; (2) that the damage arose as a consequence of a negligent or intentional act or omission of the defendant; and (3) that there is a causal nexus between the damage suffered and said act or omission.   *Cintrón-Adorno v. Gómez*, 147 D.P.R. 576, 598-99 (1999).

The duty of foreseeability is the central criteria for the imposition of liability for torts. *Colón-González v. Tienda K-Mart*, 2001 TSPR 95 (Jun. 26, 2001).   On the other hand, negligence for an omission arises for not anticipating such damage that a reasonable, prudent person would rationally foresee if the duty was not fulfilled. *Id.*

When it comes to business establishments, the general rule is that although a business owner is not the absolute insurer of the safety of its patrons, the business owner has a duty to keep said establishment in a safe condition so that the clients do not suffer harm or damage.   *See Cotto v. Consolidated Mut. Ins. Co.*, 116 D.P.R. 644, 650 (1985). However, liability is only imposed in situations that involve risky conditions inside the business premises that the owner knew or should have known existed.   *Id.*   In other words, a plaintiff must prove that the defendant had actual or constructive knowledge of

8

the dangerous condition that most likely than not caused the damage. *Colón-González v. Tienda Kmart*, 2001 TSPR 95; see also *Mas v. United States*, 984 F.2d at 530; *Clemente v. Carnicon-Puerto Rico Mgmt. Assoc.*, L.C., 52 F.3d 383, 389 (1st Cir. 1995). Furthermore, as expressed in In re N-500L Cases, 517 F.Supp. 825, 833 (1981); affirmed 691 F.2d 15 (1982):

> Under the law of Puerto Rico, for a negligent act to be a proximate cause of injury, it is necessary that the Defendant foresee that his act could cause injury. The party charged with negligence may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of the party's act or omission. It is unnecessary that the Defendant should have anticipated the very injury complained of or anticipated that it would have happened in the exact manner in which it did. *Ginés v. Aqueduct and Sewer Authority*, 86 P.R.R. 490, 497 (1962). (Emphasis added).

As such, the question before the court in this case is whether the Plaintiff will present sufficient evidence to satisfy the burden that a dangerous condition existed on the premises and that said dangerous condition was known or should have been known by the Defendant.

I.    *Defendant Knew or Should Have Known the Dangerous Condition Existed as it was created by it.*

Plaintiff evidently stated in the Complaint that the incident was the result of the fault and/or negligence of the codefendants who possessed ownership, administrative or other rights over The Condado Plaza Hilton Hotel for failing to provide proper maintenance and/or care to the refrigerator; failing to inform the hotel guests of the risks of the defective or deficiently maintained refrigerator; failing to warn or instruct its guests about the problems of the poorly maintained refrigerator to avoid the exposure to the risks such as those experienced by plaintiff." See docket 1, Complaint, ¶ 12. It is also alleged that Defendants incurred in fault and/or negligence in failing to correct or warn of the dangerous and hazardous condition that caused plaintiff Rosalind Pressley to suffer her

9

fall, even though they knew or should have known of its existence." See docket 1, Complaint, ¶ 15.

It is a fact that Defendant did not keep track of when and who placed the refrigerator for the first time in room 858, or any room for that matter.   In addition, before the incident the Defendant did not keep any logbook and it did not have any protocols or guidelines regarding the refrigerators placed in the guest rooms.   Specifically, it did not have a maintenance protocol of the refrigerator referred to in the Complaint.   Therefore, Defendant never provided maintenance to the refrigerator found in room 858 of Defendant's hotel throughout its existence.   As established by the Supreme Court of Puerto Rico in *Cotto*, *ante*, the business owner has a duty to keep said establishment in a safe condition so that the clients do not suffer harm or damage.   Defendant's failure to provide maintenance and, by its own admission, having no idea when or who placed the refrigerator or who and when the refrigerator received maintenance clearly shows that Defendant neglected their patron's safety.   We must add to this analysis that even though Defendant knew no maintenance would ever be provided to the refrigerator in room 858 until its breakdown, Defendant was negligent when it did not place a mat, rug or any type of carpeting in front of the refrigerator in Plaintiff's room, as it was foreseeable that sooner or later the refrigerator would malfunction, generate condensation and create a dangerous condition as the one that caused Plaintiff's slip and fall.   The Court and/or the trier of fact of this case does not have to infer Defendant's negligence as it is directly established by their own evidence and admissions.

## II. Spoliation of evidence

When plaintiff reported the incident, a Security Officer and a Maintenance Officer from the Hotel went to her room and found that the area in front of the refrigerator was wet due to a malfunctioning refrigerator, as it was not working properly. An Incident Report immediately followed. However, Defendant immediately disposed of the refrigerator.

Spoliation can be defined as the failure to preserve evidence that is relevant to pending or potential litigation. Through the court's inherent power to manage its own affairs, it may sanction a party for spoliation. "Sanctions for spoliation range from dismissal of the action, exclusion of evidence or testimony or instructing the jury on a negative inference to spoliation whereby jury may infer that party that destroyed evidence did so out of realization that it was unfavorable." *Perez v. Hyundai Motor Co.*, 440 F.Supp.2d 57, 62 (D.P.R.2006) (citing *Driggin v. Am. Sec. Alarm. Co.*, 141 F.Supp.2d 113, 120 (D.Me.2000)). "The measure of the appropriate sanctions will depend on the severity of the prejudice suffered." Id. at 61.

The First Circuit has held that "... a trier of fact may (but need not) infer from a party's obliteration of a document relevant to a litigated issue that the contents of the documents were unfavorable to the party." *Testa v. Wal–Mart Stores, Inc.*, 144 F.3d 173, 177 (1st Cir.1998) (internal citations omitted). Before such an inference can materialize, the sponsor of the inference must proffer evidence sufficient to permit the trier of fact to find that the party against which the inference is sought to be made knew of (1) the litigation or the potential of litigation and (2) the potential relevance of the missing evidence to the litigation. *Id.* When such a showing is made, a suitable foundation has

11

been established and the trier of fact is entitled to infer, although not required to infer, that the party who disappeared the evidence did so because its contents hurt his position. If the fact finder believes the loss or destruction of the evidence was accidental, "or for an innocent reason, then the factfinder is free to reject the inference." *Blinzler v. Marriott International, Inc.*, 81 F.3d 1148, 1159 (1st Cir.1996).   In establishing the necessary foundation, the showing of knowledge is institutional and not individual: "[t]he critical part of the foundation that must be laid depends ... on institutional notice the aggregate knowledge possessed by a party and its agents, servants, and employees." *Wal–Mart Stores, Inc.*, 144 F.3d at 178.

**First Proffer** – As admitted by the Defendant, all incident reports of the Defendant are made in anticipation of litigation.   In addition, Defendant knew of Plaintiff's intention to file suit for this incident since November 2, 2015, when Plaintiff's former counsel submitted a letter to the Defendant requesting the Incident Report.   See page 5 of Incident Report, email message from Defendant's Security Director, Otilio Ramos, to Defendant's corporate counsel, Jayne Berger, dated November 2, 2015.   (See Docket 34-2).

**Second Proffer** – the cause of Plaintiff's slip and fall was the malfunctioning refrigerator.   Therefore, it was, and it is completely relevant to this case.

Moreover, in order to determine whether spoliation occurred, this court must determine first, who is responsible for the disposal of the refrigerator and second, whether the circumstances of the disposal sustain the imposition of sanctions. The first inquiry is easily concluded since in this case, there is no dispute as to the fact that the refrigerator was disposed of by Defendant by their own admission. As to the second inquiry,

Defendant has admitted that all their incidents reports are done in anticipation of litigation and they had received a letter from Plaintiff's counsel advising of her intention to legally proceed with her claim.   See Docket 33-6, ¶ 9 and Docket 34-2. Therefore, Defendant had a duty and obligation to make efforts to preserve the refrigerator.   Based on the facts put forth by Plaintiff, this Court should find that a suitable foundation exists for the jury to make a negative inference regarding spoliation of evidence by Defendant.   In addition, there is a suitable foundation for the jury to make a finding of negligence on the part of Defendant via the existing direct and circumstantial evidence Plaintiff has presented to this Court.

The two criteria that entitle a jury to make such an inference are present in this case: Defendant knew that the incident with the refrigerator at Defendant's hotel will lead to litigation and Defendant knew that the refrigerator involved in the incident would be relevant to the litigation.

The relevance of the malfunctioning refrigerator to the present litigation is obvious since it revolves around the effect that the malfunction itself had on the slip and fall of the Plaintiff.   Defendant was aware of the relevance of the refrigerator to Plaintiff's claim from the occurrence.

Since a suitable foundation has been established (i.e. a rational jury could conclude that Defendant knew about the relevance of the malfunctioning refrigerator), the trier of fact in this case is entitled to make a negative inference against Defendant regarding the disappearance of the malfunctioning refrigerator.   It will be up to the jury to determine whether it will make such an inference.

The balance of the probative value of the spoliation evidence against the undue prejudice that would result from its admission does not favor exclusion.  "Evidence is generally deemed unfairly prejudicial if it has an undue tendency to prompt a decision by the factfinder on an improper basis."  *U.S. v. Benedetti*, 433 F.3d 111, 118 (1st Cir.2005) (citing *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)).  The possibility of undue prejudice is not great, since evidence of spoliation could only lead to a reasonable jury inferring that the refrigerator in some way hurt Defendant's case and that is not an improper basis for a decision.  As to the probative value of the malfunctioning refrigerator, it is the nerve center of this case and evidence regarding its disappearance has therefore great probative value for Plaintiff. Consequently, the Court should not exclude evidence of spoliation allegations.

Accordingly, this Court should deny Defendant's motion for summary judgment as it is not entitled to summary judgment as a matter of fact and law, as there are genuine issues of material facts in controversy that preclude the entry of a summary judgment and, when the time comes, provide the jury an instruction as to the negative inference that they can draw from Defendant's loss and destruction of this evidence.

WHEREFORE based on the foregoing arguments and authorities, Plaintiff respectfully requests that this Honorable Court enter an Order granting the instant Opposition to Motion for Summary Judgment and further provide the jury an instruction on the adverse inference that can be made by Defendant's destruction of the malfunctioning refrigerator evidence, with any and all other relief deemed fair and just.

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date I electronically filed the foregoing statement of uncontested material facts in support of motion for summary judgment with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the attorneys of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 28th day of August 2018.

s/David Fernández-Esteves
U.S.D.C. - P.R. #218404
LAW OFFICES BENJAMIN ACOSTA, JR.
Attorneys for Plaintiff
P.O. Box 9023518
San Juan, P.R. 00902-3518
Tel.   787-722-2363
Fax   787-724-5970
davidfernandez@lobajr.com

15