IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSALIND PRESSLEY<br><br>Plaintiff<br><br>v.<br><br>POSADAS DE PUERTO RICO ASSOCIATES, L.L.C. D/B/A THE CONDADO PLAZA HILTON HOTEL; JOHN DOE, RICHARD ROE<br><br>Defendants | CIVIL NO.: 16-2718 (GAG)<br><br><br><br>RE:   PERSONAL INJURY<br><br>PLAINTIFF DEMAND TRIAL BY JURY |

**PLAINTIFF'S OPPOSITION TO SUPPORTING STATEMENT OF MATERIAL FACTS**

**TO THE HONORABLE COURT:**

**COMES NOW** the Plaintiff, through her undersigned counsel, and hereby submits the instant Plaintiff's Opposing Statements of Material Facts in support of its opposition to the motion for summary judgment filed by Defendant Posadas de Puerto Rico Associates L.L.C. (hereinafter referred to as "Defendant") in accordance with Local Rule 56(c) of the Local Rules of the United States District Court for the District of Puerto Rico.

**Defendant's Statement of Material Fact:**

*1.        On October 4, 2015, at or about 10:30 a.m., plaintiff Rosalind Pressley was a registered guest at The Condado Plaza Hilton Hotel in Condado, Puerto Rico. See docket 1, Complaint, ¶ 6; See Exhibit A, Request for Admissions, p. 1, ¶ 1, and Exhibit B, Posadas Answers to Request for Admissions at ¶ 1.*

**Plaintiff's Opposing Statement of Material Fact:**

Admitted.

1

**Defendant's Statement of Material Fact:**

*2.     The complaint alleges that on October 4, 2015, plaintiff Rosalind Pressley slipped and fell inside her room at the Condado Plaza. See docket 1, Complaint, ¶ 6.*

**Plaintiff's Opposing Statement of Material Fact:**

Denied.   The Complaint clearly alleges in paragraph number 6 that: On October 4, 2015, at or about 10:30 in the morning, plaintiff Rosalind Pressley was a registered guest at The Condado Plaza Hilton Hotel in Condado, Puerto Rico, where she was vacationing, when she slipped and fell on her room due to accumulated water coming from the room's refrigerator, which constituted a dangerous and hazardous condition and lacked any warning sign or other indication of its existence.

**Defendant's Statement of Material Fact:**

*3.     Plaintiff checked-into the Condado Plaza on October 2, 2015, at 4:51 p.m. and was assigned room number 828.   See Exhibit C, Guest Folio.*

**Plaintiff's Opposing Statement of Material Fact:**

Admitted.

**Defendant's Statement of Material Fact:**

*4.     Plaintiff was staying in room 828 with her friend Olivia Buckmon. Exhibit D, Pressley deposition transcript, p. 20:5-8.*

**Plaintiff's Opposing Statement of Material Fact:**

Qualified.   It is admitted that Mrs. Olivia Buckmon was staying in room 828 with Plaintiff.   However, Pressley's deposition transcript at page 20 lines 5-8 does not state that Mrs. Olivia Buckmon was staying in room 828 with Plaintiff. See Exhibit D (p. 20:5-8) of Defendant's Motion for Summary Judgment. (Docket 33).

**Defendant's Statement of Material Fact:**

5.      *Plaintiff was on the bed farthest away from the closet and the refrigerator. See Exhibit D, at 15:14-18.*

**Plaintiff's Opposing Statement of Material Fact:**

Admitted.

**Defendant's Statement of Material Fact:**

6.      *On October 4, 2015, plaintiff was the first to wake up that morning, she got up and went to retrieve the iron that was near the closet. See Exhibit D, Pressley deposition transcript, p. 15:5-11.*

**Plaintiff's Opposing Statement of Material Fact:**

Admitted.

**Defendant's Statement of Material Fact:**

7.      *Plaintiff walked from her bed, passed by the other bed, turned toward the closet, walked by the refrigerator and then she slipped and fell to the floor. See Exhibit D, Pressley deposition transcript, p. 15:21-24.*

**Plaintiff's Opposing Statement of Material Fact:**

Denied as drafted.   Specifically, the Plaintiff testified the following: "Passed my bed to the next bed and turned the isle right there.   And right there, once I passed the refrigerator I slipped and fell into the closet and hit the floor." See Exhibit D of Defendant's Motion for Summary Judgment (Docket 33), Pressley deposition transcript, p. 15:21-24.

**Defendant's Statement of Material Fact:**

8.      *Plaintiff does not remember if after she fell down she saw a puddle. See Exhibit D, Pressley deposition transcript, p. 18:21-24.*

**Plaintiff's Opposing Statement of Material Fact:**

Denied.   Plaintiff was asked "what caused you to fall down?" and she testified that "Water was on the floor", and that the origin of the that water was "right at the refrigerator." Moreover, that immediately after the incident she did not notice the puddle because the floor was white, and she was kind of shocked.   However, she saw the water after the fact and the floor was wet.   Also, when the repair person came to examine one could see the water on their pants. See Exhibit D of Defendant's Motion for Summary Judgment (Docket 33) , Pressley Deposition Transcript, p. 18, lines 2-25 and p. 19, lines 1-10.

**Defendant's Statement of Material Fact:**

*9.      Plaintiff does not remember if she felt water on her feet when she fell down. See Exhibit D, Pressley deposition transcript, p. 19:15-20.*

**Plaintiff's Opposing Statement of Material Fact:**

Qualified.   Plaintiff was asked "what caused you to fall down?" and she testified that "Water was on the floor", and that the origin of the that water was "right at the refrigerator."   Moreover, that immediately after the incident she did not notice the puddle because the floor was white, and she was kind of shocked.   However, she saw the water after the fact and the floor was wet.   Also, when the repair person came to examine one could see the water on their pants. See Exhibit D of Defendant's Motion for Summary Judgment (Docket 33), Pressley Deposition Transcript, p. 18, lines 2-25 and p. 19, lines 1-10.

4

**Defendant's Statement of Material Fact:**

10.    *After the alleged incident, plaintiff got up with the help of her roommate Olivia Buckmon, went back to bed and then called Hotel's security. See Exhibit D, Pressley deposition transcript, p. 18:3-7.*

**Plaintiff's Opposing Statement of Material Fact:**

Qualified.   Plaintiff was asked: "When you fell down, what happened next?" and her answer was: "I was calling - - my roommate was on the bed and she came and was trying to help me up and she almost slipped.   And then she helped me up and I just got back into my bed on the other side and then we called security." Exhibit D of Defendant's Motion for Summary Judgment (Docket 33), Pressley deposition transcript, p. 18:3-7.

**Defendant's Statement of Material Fact:**

11.    *When plaintiff reported the incident, a Security Officer and a Maintenance Officer from the Hotel went to her room and found that the area in front of the refrigerator was wet. See Exhibit A, Request for Admissions, p. 1, ¶ 3; p. 2, ¶ 6, and Exhibit B, Posadas Answers to Request for Admissions at ¶ 3, 6.*

**Plaintiff's Opposing Statement of Material Fact:**

Qualified.    When plaintiff reported the incident, a Security Officer and a Maintenance Officer from the Hotel went to her room and found that the area in front of the refrigerator was wet due to a malfunctioning refrigerator as it was not working properly. See Docket 33-6 of Defendant's Motion for Summary Judgment, Defendant's Answer to Interrogatory, ¶17.

**Defendant's Statement of Material Fact:**

12.      *When hotel staff visited plaintiff's room after the accident, plaintiff saw that the knees of the pants, sic, the repair persons were wet. See Exhibit D, Pressley deposition transcript, p.19:2-14.*

**Plaintiff's Opposing Statement of Material Fact:**

Admitted.

**Defendant's Statement of Material Fact:**

13.      *On October 4, 2015, there was no mat, rug or any type of carpeting in front of the refrigerator in plaintiff's room. See Exhibit A, Request for Admissions, p. 2, ¶ 5; p.3, ¶ 16, 17, and Exhibit B, Posadas Answers to Request for Admissions at ¶ 5, 16, 17.*

**Plaintiff's Opposing Statement of Material Fact:**

Admitted.

**Defendant's Statement of Material Fact:**

14.      *After removal from the room and inspection of the refrigerator by the hotel's agent, it was concluded that the refrigerator was malfunctioning. See Exhibit A, Request for Admissions, p. 2, ¶9, and Exhibit B, Posadas Answers to Request for Admissions at ¶ 9.*

**Plaintiff's Opposing Statement of Material Fact:**

Admitted.

**Defendant's Statement of Material Fact:**

15.      *Upon entering the guest rooms, Condado Plaza personnel among other things (like cleaning the room) verify that the refrigerators in the rooms are closed and*

*operational, and clean them if needed. See Exhibit E, Condado Plaza's Answer to Plaintiff's Interrogatories, pp. 1-2 (¶ 4, i.e., answer to interrogatory 4).*

**Plaintiff's Opposing Statement of Material Fact:**

Denied. Defendant did not keep track of when and who placed the refrigerator for the first time at room 858, or any room for that matter.  In addition, on the day of the incident the Defendant did not keep any logbook and it did not have any protocols or guidelines regarding the refrigerators placed in the guest rooms. Specifically, it did not have a maintenance protocol of the refrigerator referred to in the Complaint.  Therefore, no maintenance was provided by the defendant to the refrigerator found in room 858 of the defendant's hotel.  See Exhibit E of Defendant's Motion for Summary Judgment (Docket 33), Defendant's Answer to Plaintiff's Interrogatories, pp. 1-2 (¶ 4, i.e., answer to interrogatory 4) and Docket 33-2, ¶ 20 and Docket 33-3, ¶ 20.

## PLAINTIFF'S STATEMENTS OF MATERIAL FACTS

1.      On or about October 4, 2015, two photographs were taken by The Condado Plaza Hilton's investigator, Elliot Cruz. Docket 33-2, ¶ 4 and Docket 33-3 ¶ 4.

2.      On October 4, 2015, at or about 10:30 a.m. there was no mat or rug in front of the refrigerator in plaintiff's room. Docket 33-2, ¶ 5 and Docket 33-3 ¶ 5.

3.      After removal from the room and inspection of the refrigerator by the defendant hotel's agent, it was concluded by the hotel that the refrigerator was leaking water.   Docket 33-2, ¶ 10 and Docket 33-3 ¶ 10.

4.      After removal from the room and inspection of the refrigerator by the defendant hotel's agent, the defendant hotel disposed of the refrigerator. Docket 33-2, ¶ 11; Docket 33-3 ¶ 11; Docket 33-6 ¶ 20, 21, 22.

5.     On October 4, 2015, the defendant hotel did not place a mat, rug or any type of carpeting in front of the refrigerator in plaintiff's room. Docket 33-2, ¶ 16 and Docket 33-3 ¶ 16.

6.     On October 5, 2015, the defendant hotel did not have a refrigerator's maintenance logbook of the refrigerator referred to in the Complaint. Docket 33-2, ¶ 19 and Docket 33-3 ¶ 19.

7.     On October 5, 2015, the defendant hotel did not have a maintenance protocol of the refrigerator referred to in the Complaint. Docket 33-2, ¶ 20 and Docket 33-3 ¶ 21.

8.     Defendant did not keep track of the specific brand, model or year of the refrigerator placed in any room, including 858 when Rosalind Presley reported her alleged accident.   Docket 33-6, ¶ 2.

9.     Defendant employee Marcos Rivera from the engineering department inspected the subject refrigerator after the accident was reported.   Docket 33-6, ¶ 3.

10.    Defendant hotel did not keep track of the when and who placed the refrigerator for the first time at room 858.   Docket 33-6, ¶ 4.

11.    Defendant had no logbook or protocol or guidelines specific to the refrigerators placed in the guest rooms. Docket 33-6, ¶ 4.

12.    Defendant cannot identify the purchase date of the refrigerator located in room 858 when Rosalind Presley reported her incident.   Docket 33-6, ¶ 12.

13.    Defendant's refrigerator in room 858 was examined and found to be not operating properly.   Docket 33-6, ¶ 13 and 17.

14.    Defendant disposed of the refrigerator after the incident and does not know where it is presently located.   Docket 33-6, ¶ 21.

15.    Defendant does not know who if anyone presently has custody of the refrigerator.   Docket 33-6, ¶ 22.

16.    Defendant conducted an investigation immediately after the accident occurred. Docket 33-6, ¶ 3, 5, 8, 13.

17.    All incidents reports of the Defendant are done in anticipation of litigation. See Docket 33-6, ¶ 9 and page 5 of Incident Report, email message from Defendant's corporate counsel, Jayne Berger, to Defendant's Security Director, Otilio Ramos, dated November 2, 2015.   (See Docket 34-2; Incident Report).

18.    Defendant knew of Plaintiff's intention to file suit for this incident since November 2, 2015. See page 5 of Incident Report, email message from Defendant's Security Director, Otilio Ramos, to Defendant's corporate counsel, Jayne Berger, dated November 2, 2015.   (See Docket 34-2; Incident Report).

## CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the foregoing statement of uncontested material facts in support of motion for summary judgment with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the attorneys of record.

RESPECTFULLY SUBMITTED.

9

In San Juan, Puerto Rico, this 28th day of August 2018.

s/David Fernández-Esteves
U.S.D.C. - P.R. #218404
LAW OFFICES BENJAMIN ACOSTA, JR.
P.O. Box 9023518
San Juan, P.R. 00902-3518
Tel.    787-722-2363
Fax    787-724-5970
davidfernandez@lobajr.com

10