# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ROSALIND PRESSLEY**,
   Plaintiff,

v.

**POSADAS DE P.R. ASSOCS., L.L.C.**, *et al.*
   Defendants.

Civil No. 16-2718 (BJM)

## OPINION AND ORDER

Rosalind Pressley ("Pressley") alleges that Posadas de Puerto Rico Associates, L.L.C., d/b/a The Condado Plaza Hilton Hotel ("Condado Plaza"), and unnamed persons or entities who own, manage, or operate Condado Plaza are liable for negligent maintenance of her hotel room refrigerator. Dkt. 1, ¶ 12. Pressley seeks damages under 31 L.P.R.A. § 5141 for the injuries and resulting damages that Pressley allegedly suffered after slipping and falling in water leaked by her hotel room refrigerator. Dkt. 1, ¶¶ 19, 21, 24. Condado Plaza denied the allegations, Dkt. 8, and moved for summary judgment. Dkt. 33. Pressley opposed. Dkt. 34. This case is before me by consent of the parties. Dkt. 16.

For the following reasons, the motion for summary judgment is **DENIED**.

# BACKGROUND[1]

The factual record is summarized here using the Local Rule 56 statements of uncontested facts.[2]

On October 2, 2015, Pressley checked into room 828 of the Condado Plaza Hilton Hotel. SMF ¶ 3. She was still a registered guest on October 4, 2015. SMF ¶ 1. Pressley and her friend were sharing the room, and Pressley slept in the bed further away from the closet and the refrigerator. SMF ¶¶ 4–5; OMF, ¶¶ 4 Around 10:30 that morning, while her friend slept, Pressley woke and got out of bed. SMF ¶ 6. She walked past the other bed and moved toward the refrigerator. SMF ¶ 7; OMF, ¶ 7. There was no mat, rug, or carpeting on the floor in front of the refrigerator. SMF ¶ 13; OMF ¶ 13. Pressley passed in front of the refrigerator, and she "slipped and fell into the closet and hit the floor." *Id.* The parties agree that Pressley did not notice water on the white floor prior to or immediately after the fall. SMF ¶ 8; OMF, ¶ 8. The water on the floor in Pressley's room had leaked from the refrigerator. OSF ¶ 3. Pressley called out to her friend for help standing, and she returned to her bed before calling security. SMF ¶ 10; OMF ¶ 10. Pressley later sought and received medical attention after her slip and fall. Dkt. 33-2, ¶ 23; Dkt. 33-3 ¶ 23. Pressley claims,

---

[1] Local Rule 56 is designed to "relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." *CMI Capital Market Inv. v. Gonzalez-Toro*, 520 F.3d 58, 62 (1st Cir. 2008). It requires a party moving for summary judgment to accompany its motion with a brief statement of facts, set forth in numbered paragraphs and supported by citations to the record, that the movant contends are both uncontested and material. D.P.R. Civ. R. 56(b), (e). The opposing party must admit, deny, or qualify those facts, also with record support, paragraph by paragraph. *Id.* at 56(c), (e). The opposing party may also present, in a separate section, additional facts, set forth in separate numbered paragraphs. *Id.* 56(c). When the moving party replies to the opposition to a motion for summary judgment, that reply must include a statement of material facts limited to those submitted by the opposing party. D.P.R. Civ. R. 56(d). Like the party's initial statement, this reply must "admit, deny, or qualify those additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts." *Id.* While the "district court may forgive a party's violation of a local rule," litigants ignore the Local Rule "at their peril." *Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 219 (1st Cir. 2007).

[2] Condado Plaza submitted a Statement of Material Facts ("SMF"). Dkt. 33-1. Pressley opposed some of those contentions in her opposition motion ("OMF") and submitted an opposing statement of facts ("OSF"). Dkt. 34.

and Condado Plaza disputes, that the fall caused a herniated disc, and she has since suffered resulting physical and emotional injuries. Dkt. 33-2 at ¶¶ 23–24; Dkt. 33-3 at ¶¶ 23–24.

A security officer and maintenance officer came to the room after Pressley's call and found that the area in the front of the refrigerator was wet. SMF ¶ 11; OMF ¶ 11. There was sufficient water on the floor to make the knees of the maintenance officer's pants wet. SMF ¶ 12; OMF ¶ 12. Condado Plaza removed the refrigerator from the room, inspected it, and concluded that it was malfunctioning. SMF ¶ 14; OMF ¶ 14. Condado Plaza then disposed of the refrigerator. OSF ¶ 14. Condado Plaza does not know who, if anyone, currently has custody of the refrigerator. OSF ¶ 14.

Typically, upon entering guest rooms, Condado Plaza requires personnel to check that refrigerators are clean, operational, and closed. SMF ¶ 15. There is neither a maintenance protocol for the refrigerator or a documentary record of the refrigerator's maintenance, if any. OSF ¶¶ 6–7. Condado Plaza is not aware of the specific brand, model, or year of the refrigerator in any room, including in Pressley's room. OSF ¶ 8.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if it "is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions" of the record materials "which it believes demonstrate the absence" of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The court does not act as trier of fact when reviewing the parties' submissions and so cannot "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon" conflicting evidence. *Greenburg v. P.R. Mar.*

*Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). Rather, it must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). The court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. But the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990).

## DISCUSSION

This case is before the court under diversity jurisdiction. Pressley is a citizen of the state of Georgia and Condado Plaza is a Puerto Rico company. The amount in controversy, excluding costs and fees, exceeds the $75,000 threshold for diversity jurisdiction. As a result, the law of Puerto Rico applies to all substantive matters in this suit. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); N. *Am. Specialty Ins. Co. v. Lapalme*, 258 F.3d 35, 38 (1st Cir. 2001) ("[W]e are bound by the teachings of the state's highest court").

Slip and fall is a classic variety of tort. To establish a negligence claim, the plaintiff must show that the defendant breached a duty of care and that breach was the direct and proximate cause of injury to the plaintiff. *See Vazquez-Filippetti v. Banco Popular De P.R.*, 504 F.3d 43, 49 (1st Cir. 2007) (citing *Cintrón-Adorno v. Gómez*, 147 D.P.R. 576, 598-99 (P.R. 1999)). "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 L.P.R.A. § 5141.

Duty and breach go hand-in-hand. A defendant normally has the duty to "act as would a prudent and reasonable person under the circumstances." *Vazquez-Filippetti*, 504 F.3d at 49. Business establishments, however, have "a duty to keep said establishment in a safe condition so that the clients do not suffer harm or damage." *Smith v. Condado Duo La*

*Concha SPV, LLC*, Civil No. 15-1504, 2017 U.S. Dist. LEXIS 208723, at *7 (D.P.R. Sept. 14, 2017) (citing *Torres v. KMart Corp.*, 233 F. Supp. 2d 273, 278 (D.P.R. 2002)). A business owner is liable only for "risky conditions inside the business premises that the owner knew or should have known existed. In other words, a plaintiff must prove that the defendant had actual or constructive knowledge of the dangerous condition that most likely than not caused the damage." *Id*. Showing the reasonable foreseeability of danger is necessary to find liability. *Calderón-Ortega v. United States*, 753 F.3d 250, 252–53 (1st Cir. 2014). A plaintiff may show constructive knowledge by either demonstrating that the dangerous condition existed for an unreasonable or excessive amount of time or, if temporal evidence is not available, defendant had an insufficient prevention policy. *See Vazquez-Filippetti*, 504 F.3d at 50; *Mas v. United States*, 984 F.2d 527, 530 (1st Cir. 1993); *Carlo-Blanco v. Inmobiliaria Comercial, Inc.*, 59 F. Supp. 3d 399, 2014 WL 4805101, at *3 (D.P.R. 2014).

Condado Plaza had a duty to keep safe Pressley's hotel room, but it must have had actual or constructive knowledge of the leak to be liable for Pressley's injuries. Pressley contends that the absence of a logbook or other documentary record of the refrigerator's installation and upkeep is conclusive proof of Condado Plaza's failure to keep her room in safe condition. Dkt. 34 at 10. Condado Plaza responds that this cannot be the case because "every time Condado Plaza personnel entered the room, they would verify that the door to the refrigerator was closed, and that the refrigerator was operational." SMF ¶ 15. Condado Plaza is partially correct. Required inspections are a preventive measure of sorts, but the sworn testimony offered deals in generalities. More information is needed to discern whether this level of inspection, if adhered to, would have been sufficient to identify and prevent the leak.

Pressley, Condado Plaza contends, wants to blame the hotel for a leak that it could not possibly have discovered. Dkt. 33 at 15. It does appear that the leak began overnight, and Pressley discovered it in the morning, before any hotel personnel had entered the room

that day. It is even possible that Condado Plaza lacked actual knowledge of the imminent malfunction until Pressley's phone call on October 4. Although the leak may not rise to the presence of a dangerous condition for an "unreasonable or excessive amount of time" suggested in *Vazquez-Filippetti*, Condado Plaza's inability to demonstrate conclusively that its preventive measures were appropriate for this refrigerator leak meets the alternative method of proof for constructive knowledge: "an insufficient prevention policy." *Vazquez-Filippetti*, 504 F.3d at 50.

At the summary judgment stage, Condado Plaza must demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. at 323. It has not done so. The record lacks sufficient facts to assure the court that the prevention policy was sufficient in this case. It remains unclear how often and effective the refrigerator inspections were, what a refrigerator being "operational" entails, whether that inspection policy was complied with in the absence of documentary records or sworn testimony from the personnel charged with such inspections, and whether and how recently those inspections occurred in room 828. It is unclear that a quick verification that the refrigerator was "operational" would have identified the malfunction with this refrigerator. In response to Pressley's interrogatories, Condado Plaza states: "[t]he refrigerator was examined [after the incident] and found to be not operating properly. The compressor and the thermostat were specifically checked (or at least that is the usual practice)." Dkt. 33-6 ¶ 13. Condado Plaza offers no specific evidence of what caused the malfunction and no details regarding the inspection itself. The parenthetical indicates that it is not even certain that those parts of the refrigerator were examined. By disposing of the refrigerator after inspection, Condado Plaza made it impossible to identify the brand, model, year, purchase date, or what exactly caused the leak. *See id.* at ¶¶ 12, 19–20. Condado Plaza emphasizes its typical practices, but the parties fundamentally disagree as to those practices' contents, sufficiency, and enforcement. These disputes concern material facts, and their resolution will determine the outcome of the case.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of October, 2018.

                                              *S/Bruce J. McGiverin*
                                              BRUCE J. MCGIVERIN
                                              United States Magistrate Judge